**UNITED STATES DISTRICT COURT**
**District of New Jersey**

<table>
<tr>
<td><b>CHAMBERS OF<br>JOSE L. LINARES<br>JUDGE</b></td>
<td align="right"><b>MARTIN LUTHER KING JR.<br>FEDERAL BUILDING & U.S. COURTHOUSE<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042</b></td>
</tr>
</table>

**NOT FOR PUBLICATION**

<u>LETTER OPINION</u>
<u>ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT</u>

June 5, 2007

**Re:     <u>Prime Capital v. Klein</u>, No. 07-414**

Dear Parties:

     Plaintiff, Prime Capital Group, Inc., filed a complaint against Defendant, Monroe J. Klein, on January 25, 2007.  It appears that Plaintiff is claiming that Defendant, President and Chairman of the Board of AM Industries, Inc. ("AMI") should be held liable for amounts due Plaintiff from AMI pursuant to an Accounts Receivable Purchase Agreement and a Promissory Note executed by and between Plaintiff and AMI.  Plaintiff alleges that as of August 2006, $2,404,560.26 was due Plaintiff pursuant to the contract and note.

     Plaintiff appears to bring its claim against Defendant on the theory that Defendant, who did not sign the contract or the note on his own behalf, was acting as an "alter ego" of AMI. Plaintiff asserts state law claims for breach of contract, fraud, conversion, and unjust enrichment. Jurisdiction is premised on 28 U.S.C. § 1332.

     Defendant did not answer Plaintiff's complaint.  Plaintiff obtained a Clerk's entry of default against Defendant for failure to answer the complaint.  Defendant subsequently filed a motion for default judgment.  Although Plaintiff directed its motion to the Clerk, pursuant to Fed. R. Civ. P. 55(b)(1), claiming that default was sought in a "sum certain," the Court informed the Clerk that it would treat such motion as one pursuant to Fed. R. Civ. P. 55(b)(2) and thus, handle the motion itself, because the amount Plaintiff requested, $2,404.560.26, was not readily calculable from Plaintiff's submissions.  <u>See, e.g.</u>, <u>Board of Trustees of Operating Engineers Local 825 Welfare Fund v. Silagy</u>, No. 06-1795, 2006 WL 3308578, at *3 (D.N.J. Nov. 13, 2006) (stating that a claim for damages is "not a 'sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default' " (quoting <u>KPS Assocs., Inc. v. Designs by FMC, Inc.</u>, 318 F.3d 1, 19 (1st Cir. 2003))).

     The Court contacted Plaintiff's counsel, David Stein, Esq., and informed him that to adjudicate the default judgment motion, the Court needed more information as to (1) how Plaintiff was served with the summons and complaint in compliance with Fed. R. Civ. P. 4, given the sparse affidavit of service filed in this matter; and (2) how Plaintiff arrived at its calculation of $2,404,560.26 in amounts due Plaintiff pursuant to the contract and note.

Plaintiff's counsel submitted a letter, dated May 21, 2006, purporting to answer these questions; however, this letter did little to satisfy the Court's inquiries.

First, Plaintiff stated that service of the summons and complaint upon Plaintiff was effected by leaving a copy of such documents at Defendant's house (presumably on the front doorstep) after a woman answered Defendant's door and refused to accept the document. Plaintiff also sent copies of the summons and complaint to Defendant's home via first class and certified mail. Plaintiff claims that this service satisfies Fed. R. Civ. P. 4 because such complied with the laws of New Jersey and New York, see Fed. R. Civ. P. 4(e)(1), and with Fed. R. Civ. P. 4(e)(2). Plaintiff does not cite to any case law, or any other authority, including the relevant service provisions under New York or New Jersey law, to support its position that service in this manner was proper under Rule 4. It is Plaintiff's obligation to do so before obtaining default judgment against Defendant. See, e.g., Silagy, 2006 WL 3308578, at *2 ("A party against whom default judgment is requested must have been properly served with process.").

Second, in an attempt to clarify how Plaintiff arrived at a damages figure of $2,404,560.26, Plaintiff states in its letter that at the time this action was filed, AMI was indebted to Plaintiff for $1,516,526.94 including interest pursuant to the Accounts Receivable Purchase Agreement and for $888,033.32 under the Promissory Note. This information adds nothing to that supplied in the complaint. Although Plaintiff has submitted the Accounts Receivable Purchase Agreement and Promissory Note to the Court, it is not readily apparent from either document what amounts are due Plaintiff. Plaintiff has failed to submit any documentary evidence supporting its claims that such amounts are due pursuant to the aforementioned agreement and note. The Court will require documentary evidence from Plaintiff before it will enter default judgment against Defendant pursuant to Rule 55(b)(2). See Silagy, 2006 WL 3308578, at *4 (holding that the court would not enter default judgment against defendant because plaintiff failed to provide documentary evidence demonstrating their requested damages).

Accordingly, since the Court has already given Plaintiff the opportunity to cure the deficiencies in the instant motion for default judgment, and Plaintiff has failed to do so, such motion is denied. Plaintiff may re-file a motion for default judgment, pursuant to Rule 55(b)(2), which provides authority to demonstrate that Plaintiff's method of service complies with Rule 4 and includes documentary evidence to support its calculation of $2,404,560.26 in damages within thirty (30) days of the entry of this order.

An appropriate order accompanies this letter opinion.

                                                               s/ Jose L. Linares
                                                               United States District Judge