**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PRIME CAPITAL GROUP, INC. | : | |
| Plaintiff, | : | CIVIL ACTION NO. 07-414 (JLL) |
| v. | : | **ORDER** |
| MONROE J. KLEIN, | : | |
| Defendant. | : | |

**LINARES**, District Judge.

This matter is before the Court is Defendant Monroe J. Klein's ("Defendant" or "Klein") request for alternative relief by way of request for a certificate of appealability with respect to the Court's July 28, 2008 Opinion and Order denying Defendant's motion to dismiss Plaintiff Prime Capital Group, Inc.'s ("Plaintiff" or "Prime Capital") complaint and it appearing that:

1. The Court denied Defendant's motion for reconsideration pursuant to Local Civil Rule 7.1(i) on September 5, 2008. The Court now considers the alternative relief sought by Defendant – certification of the July 28 Opinion for an interlocutory appeal.

2. Defendant does not specify the rule or statute pursuant to which he seeks said relief. While the United States Court of Appeals for the Third Circuit has jurisdiction over final orders from this Court pursuant to 28 U.S.C. § 1291, there is a narrow carve out under which a district court may certify an interlocutory order for immediate appeal. See 28 U.S.C. § 1292. As denial of a motion to dismiss does not constitute a "final order," see Fiscus v. Combus Finance AG, No. 03-1329, 2006 WL 2845736, at *1 (D.N.J. Sept. 28, 2006), the Court will examine Defendant's request under section 1292.

3. Pursuant to 28 U.S.C. § 1292, an interlocutory appeal is appropriate if the appeal "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §

1292(b).[1] However, a district court should certify an interlocutory appeal pursuant to 28 U.S.C. § 1292 "sparingly" and "only in exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." See Fiscus, 2006 WL 2845736, at *1 (citing Hulmes v. Honda Motor Co., 936 F.Supp. 195, 208 (D.N.J. 1995), aff'd 141 F.3d 1154 (3d Cir. 1998)) (internal quotations omitted). Thus, even if the district court finds that a moving party demonstrates all three mandatory criteria set out in section 1292(b), it may deny certification in its discretion. Id.

4. Defendant does not state any grounds upon which he predicates his request for interlocutory appeal. Defendant does not (1) point to a "controlling question of law" that this Court addressed in adjudicating the original motion to dismiss, (2) state that there is a "substantial ground for difference of opinion" on any of the issues the Court determined in its July 28, 2008 Opinion, or (3) argue that an appeal would "materially advance the ultimate termination of the litigation." In the absence of said arguments and heeding the admonition that interlocutory appeals be granted in "exceptional circumstances," the Court finds that Defendant has not satisfied the criteria set forth in 28 U.S.C. § 1292.

Accordingly,

**IT IS** on this 15th day of September, 2008,

**ORDERED** that Defendant's request for a certificate of appealability pursuant to 28 U.S.C. 1292(b) [contained in CM/ECF docket no. 43] is hereby DENIED.

**IT IS SO ORDERED.**

Jose L. Linares
United States District Judge

---

[1] Section 1292(b) reads, in pertinent part: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . ."